UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored enterprise,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION and AIRMOTIVE INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:17-cv-00287-LRH-VPC<br><br>ORDER |

Two motions come before the court: defendant Airmotive Investments, LLC's motion to dismiss and defendant Highland Ranch Homeowners' Association's motion for partial summary judgment. ECF Nos. 13, 30. Plaintiffs Nationstar Mortgage LLC and Federal National Mortgage Association ("Fannie Mae") opposed both motions. ECF Nos. 15, 31. A reply was filed in response to both oppositions. ECF Nos. 16, 32.

After considering the parties' arguments, the court grants Airmotive's motion to dismiss in part. The court will stay this action until the resolution of the parallel state-court action rather than dismiss it. As a result, the court denies Highland Ranch's motion for partial summary judgment as moot.

/ / /

1

I. **FACTUAL BACKGROUND**

Aaron Williams and Angela Bailey-Williams obtained a loan to purchase a property located at 6245 Choctaw Court, Sun Valley, Nevada 89433. ECF No. 31 at Ex. 1. The two executed a deed of trust to secure the repayment of the loan, which was recorded in Washoe County, Nevada. *Id.* Williams later transferred his interest in the property to Bailey-Williams via a grant, bargain, and sale deed. ECF No. 31 at Ex. 2.

Fannie Mae allegedly acquired the loan in 2005, taking ownership of the deed of trust and the related promissory note. ECF No. 1, ¶ 27. Nationstar became the servicer of the loan by way of assignment. *Id.*, ¶¶ 28–31. Between 2011 and 2013, Highland Ranch foreclosed on the property as a result of delinquent homeowners' association assessments. *Id.*, ¶¶ 40–44. The foreclosure deed identified TBD, LLC (a non-party) as the purchaser of the property at the foreclosure sale. *Id.*, ¶ 44. TBD deeded the property to TBR I LLC (a non-party), which then quitclaimed the property to Airmotive. *Id.*, ¶¶ 44–46.

Nationstar and Fannie Mae sued Highland Ranch and Airmotive in federal court on May 4, 2017. ECF No. 1. 1. The plaintiffs alleged eight causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under Amendments Five and Fourteen to the U.S. Constitution; (4) quiet title under Amendments Five and Fourteen to the U.S. Constitution; (5) declaratory judgment under 28 U.S.C. § 2201, N.R.S. § 40.010, and N.R.S. 30.040; (6) breach of N.R.S. § 116.1113; (7) wrongful foreclosure; and (8) injunctive relief.[1]

But Airmotive sued Bailey-Williams, Nationstar, and Fannie Mae in state court one week earlier. ECF No. 13, Ex. 1. In the state action, Airmotive asserted a quiet-title and declaratory-relief claim against the state-court defendants. *Id.* Airmotive also asserted a misrepresentation claim against Nationstar. *Id.*

/ / /

---

[1] The plaintiffs asserted claims one, two, four, and eight against Airmotive only. ECF No. 1. The plaintiffs asserted claims six and seven against Highland Ranch only. *Id.* The plaintiffs asserted claims three and five against both Airmotive and Highland Ranch. *Id.*

2

## II. DISCUSSION

The court first considers Airmotive's motion to dismiss. Because the motion to dismiss results in a stay of this matter, the court denies Highland Ranch's motion for partial summary judgment as moot.

### A. Motion to Dismiss

The parties dispute whether the *Colorado River* doctrine applies to this matter.[2] *See* ECF Nos. 13, 15, 16. "Generally 'the pendency of an action in state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction….'" *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. Accordingly, a strong presumption against abstention generally governs. *Seneca Ins. Co.*, 862 F.3d at 842. But still, "[i]n exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (quoting *Colo. River*, 424 U.S. at 817). If exceptional circumstances exist, the Ninth Circuit "generally require[s] a stay rather than a dismissal[,]" which "ensures the federal forum will remain open if for some unexpected reason the state forum turns out to be inadequate." *Id.* (quoting *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989)) (internal quotation marks and punctuation marks omitted).

Federal courts balance eight factors when determining whether to stay or dismiss a matter under the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

---

[2] The parties also dispute whether the first-to-file rule applies rather than the *Colorado River* doctrine. ECF Nos. 13, 15, 16. The court does not consider the parties' arguments in regards to the first-to-file rule.

*Id.* at 1166 (citing *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 – 79 (9th Cir. 2011)). The first factor applies when both a state court and a federal court exercise jurisdiction over the same property. *Id.* The factor "addresses the concern 'that the parallel proceedings will result in inconsistent dispositions of [such property].'" *Id.* (quoting *Seneca Ins. Co.*, 862 F.3d at 842). The first factor is dispositive; it requires a district court to stay a federal action when the proceeding is *in rem* or *quasi in rem*. *Id.* at 1166–67.

The first factor of the *Colorado River* doctrine requires the court to stay this *in rem* proceeding. In this action, Nationstar and Fannie Mae assert multiple quiet title claims. Likewise, in the state-court action, the state-court plaintiffs assert a quiet-title claim. In Nevada, a quiet-title claim is an *in rem* proceeding. *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Accordingly, under the first factor of the *Colorado River* doctrine—which is dispositive—the court must stay the quiet-title claims subsequently brought in this action. The court must also stay the remaining claims because the claims involve the same questions as the quiet-title claims. *See 40235 Washington St. Corp. v. Lusardi*, 976 F.3d 587, 589 (9th Cir. 1992) (per curiam) (requiring the court to stay a declaratory-relief claim because it "involve[d] the same question" as the *in rem* claim and could be resolved in state court); *see also Montanore Minerals Corp.*, 867 F.3d at 1171 (quoting *Lusardi* when stating that courts "avoid engaging in different analyses for related claims in a single action, because such an approach 'would increase, not decrease, the likelihood of piecemeal adjudication or duplicative litigation,' undermining the *Colorado River* doctrine."). The court therefore stays—rather than dismisses—this action in accordance with the Ninth Circuit's preference to leave the federal forum open until the state forum proves to be adequate.

The court stays this matter without considering the remaining factors under the *Colorado River* doctrine. The court does so despite recognizing that the remaining factors strongly favor the exercise of federal jurisdiction—especially given the contrary and conflicting opinions by the state and the Ninth Circuit regarding the constitutionality of the state statute at issue. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert denied*, 137 S. Ct. 2296 (2017) (holding the state statute unconstitutional under the Due Process Clause); *but see*

4

*Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) (holding the state statute does not implicate the Due Process Clause). However, Ninth Circuit precedent makes clear that the first factor under the *Colorado River* doctrine is dispositive, which binds the court in its decision to stay this matter. The court therefore stays the matter without analyzing the remaining factors under the *Colorado River* doctrine.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Airmotive Investments, LLC's motion to dismiss (ECF No. 13) is **GRANTED in part.** The court will stay this matter rather than dismiss it.

IT IS FURTHER ORDERED that this matter is **STAYED** pending resolution of the parallel state-court proceeding. The parties shall file a notice of resolution of the state-court action and a motion to lift the stay with the court within fourteen days of such a resolution.

IT IS FURTHER ORDERED that defendant Highland Ranch Homeowners' Association's motion for partial summary judgment (ECF No. 30) is **DENIED as moot.**

IT IS SO ORDERED.

DATED this 29th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE